Minnie LaRUE, Appellant,

v.

BRIGGS—WEAVER, INC., Appellee.

No. 11482.

Court of Civil Appeals of Texas.

Austin.

March 22, 1967.

Rehearing Denied April 12, 1967.

Andress, Woodgate, Richards & Condos, John W. Lodewick, Dallas, for appellant.

Kenneth Seidenberg, Laurel A. Bates, Dallas, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a garnishment judgment in favor of appellee against the South Oak Cliff State Bank, Garnishee, for $142.29. The account garnished was in the name of appellant. The question in dispute is whether the account consisted solely of the personal earnings of appellant or contained community funds acquired by her husband.

We reverse and render the judgment of the trial court.

During the year 1959, Guy LaRue, husband of Minnie LaRue, appellant herein, was the owner and operator of Falcon Construction Company. Falcon Construction Company was the community property of appellant and Guy LaRue, and was operated for the benefit of their community interests. During the course of affairs of the business, Falcon Construction Company became indebted to Briggs-Weaver Machinery Company, and other suppliers.

There are six judgments of record, including that of Briggs-Weaver Machinery Company, against Guy LaRue dated prior to January 5, 1962.

On January 11, 1960, in County Court at Law Number One of Dallas County, Texas, in Cause No. 13515–A styled Briggs-Weaver Machinery Company v. Guy LaRue and d/b/a Falcon Construction Company, Briggs-Weaver Machinery Company obtained judgment for its debt against Guy LaRue in the amount of $221.28 with interest thereon at the rate of 6% from January 11, 1960, and costs of suit, which judgment is final, valid and subsisting and remains wholly unsatisfied.

Until January 5, 1962, Guy and Minnie LaRue, maintained a joint checking account in the South Oak Cliff State Bank, Dallas, Texas.

On January 5, 1962 this bank account was closed, having a closing balance of $246.70. On January 5, 1962, a checking account was opened in the names of Minnie LaRue and her daughter, Junella Davis. The opening balance of this account was $246.70. The card closing the account read, "Transferred January 5, 1962 to Minnie LaRue."

On February 4, 1966, Briggs-Weaver, Inc. served South Oak Cliff State Bank with a Writ of Garnishment on this account and Minnie LaRue, appellant, filed her Motion to Quash.

A hearing was had on the Motion to Quash on April 1, 1966. Minnie LaRue testified that the funds on deposit were derived from her personal earnings as an employee of Rose Dress Shops. She further testified that her husband had never made any deposits to this fund and there is no evidence to the contrary. Ledger sheets were introduced into evidence showing that appellant had consistently made deposits of her salary checks plus bonuses from the time the account was opened in January of 1962 until this proceeding was brought on February 4, 1966. Then there were the consistent withdrawals as she paid certain bills in the ordinary course of living.

There are no assets within the State of Texas belonging to Guy LaRue on which to levy in order to satisfy the judgment in favor of Briggs-Weaver Machinery Company, nor does Guy LaRue have a bank

account in his name within the State of Texas.

From the abovementioned judgment for appellee, Minnie LaRue duly perfected her appeal to this Court.

Appellant is before this Court on two points of error, the first being that no evidence was offered to overcome the statutory presumption that the account in the name of Minnie LaRue was her separate property and therefore not subject to garnishment in order to satisfy a debt against the husband; the second being that the undisputed evidence showed that the funds in appellant's bank account constituted her personal earnings.

We sustain the last point making decision of the first point unnecessary.

In her Motion to Quash, appellant has plead and proved that the money in the account consisted of her personal earnings and that as such is protected from any debts contracted by the husband under the provisions of Vernon's Ann.Tex.Rev.Civ. Stat. art. 4616. Article 4616 provides that neither the separate property of the wife, her personal earnings, nor the revenue from her separate property shall be subject to the payment of debts contracted by the husband nor claims arising out of the torts of the husband.

Whatever the character of the original $246.70 transferred from the joint account in 1962, appellant denied that this consisted of any funds belonging to her husband, appellant has presented evidence of deposits and withdrawals aggregating several hundreds of dollars and there is no evidence whatsoever to indicate that the money garnisheed was not proceeds from her personal salary.

We reverse the judgment of the trial court and render judgment quashing the garnishment and that appellee take nothing by his suit.

Reversed and rendered.